HILLARY J. CRAIN, Pro Tempore Judge.
1 gThis is an appeal by State Farm Mutual Automobile Insurance Co., defendant-appellant, from a judgment finding its insured, Kenneth West, 100% at fault for damages to Randy Douglas, plaintiff, in this motor vehicle accident case. For the following reasons, we amend the judgment to provide that the co-defendants, Jonathan Cheramie and his insurer, Allstate Insurance Company, are found to be 50% at fault, and the percentage of fault attributed to West is reduced by a similar amount. In all other respects, the judgment is affirmed.
The facts are as follows. At about 7:25 AM on a clear, dry June morning, Kenneth West was traveling northbound on 1-310, near the intersection with I — 10. Witnesses described the rush hour traffic as “fairly busy,” “fairly heavy,” and “moderate to heavy.” West was pulling a trailer with his pickup truck when his engine died. He pulled over onto the full shoulder and stopped. There was a dispute as to whether the trailer was still partially in the right lane of travel, but the trial judge [.-¡determined that more probably than not it was protruding into that lane by about two feet. There were also disputes as to whether West had put his warning flashers on or had put out safety warning cones, but again the trial judge determined that he had done neither. It was uncontested that after stopping, West had gotten out of his truck, gone around to the front of it, opened the hood, and was tinkering around with the motor to see if he could find the problem. A passenger riding with West, Daniel Miller, gave uncontroverted testimony that the breakdown had occurred at least ten minutes prior to the accident.
Cheramie testified that he was driving his pickup truck in the right lane at about 60 mph, the posted speed limit. He said that there were vehicles in front of him as well as to his left in the adjoining lane. He admitted that at least one vehicle in front of him had passed the trailer without incident. He said that he suddenly saw the trailer sticking out into the right lane, and that at that point he was too close to take any evasive action. He stated that all he could do was to apply his brakes and brace for the impact. On impact the rear wheels of the truck came up off the ground. At that point, the car behind him, which was driven by Randy Douglas, plaintiff, ran up under the wheels and they came down on the car hood. The damages suffered by Douglas are not at issue here.
Based on the above facts the trial judge found Kenneth West 100% liable for the accident. This appeal followed.
Apportionment of fault pursuant to C.C. Art. 2323 is a factual determination which will be disturbed on appeal only where the finding is manifestly erroneous. Manuel v. St. John the Baptist Sch. Bd., 98-1265 (La.App. 5 Cir. 3/30/99), 734 So.2d *748 766, writ denied 99-1198 (La. 6/4/99), 744 So.2d 682. Here, the trier of fact reasoned that because the trailer was left partially in the roadway without lights or warning cones, West was liable for the ensuing accident. He further reasoned that because Cheramie did not see the trailer until it was too late to avoid hitting it, he was blameless. In this court’s opinion this was manifest error.
In Johnson v. State Farm Mut. Auto. Ins. Co., 31,992 (La.App. 2 Cir. 6/16/99), 741 So.2d 159, the court noted that a vehicle which remains in a roadway because of mechanical failure does not violate La. R.S. 32:141, the law which prohibits leaving a vehicle in the roadway. Thus, West was not culpable under this statute. However, we do agree that he was negligent in not activating his flashers or putting out cones.
On the other hand, the law requires drivers to keep a lookout for obstructions in the roadway, and where a stalled vehicle should have been seen by a driver exercising the proper level of care, he is negligent in not seeing the vehicle and avoiding it. Bordelon v. South Central Bell Telephone Co., 92-581 (La.App. 3 Cir. 5/5/93), 617 So.2d 1337. Here, the uncontroverted testimony showed that the truck and trailer had been broken down for a sufficient time to allow West to exit the vehicle, open the hood and begin working on the motor. Miller said that they had broken down at least ten minutes before the accident. All of these events transpired during rush hour traffic which everyone described as moderate to heavy. Cheramie did not say that any vehicles ahead of him had changed lanes as they went by the trailer, all of which indicates that numerous vehicles had to have passed the trailer without incident during the time between the breakdown and the accident. It was thus manifest error for the trier of fact to exonerate Cheramie on the grounds that when he saw the trailer it was too late to avoid hitting it. Numerous other drivers saw and avoided the obstruction. Had Chera-mie been exercising an appropriate level of care he too would have been able to avoid it. We therefore find that Cheramie was also at fault in causing plaintiffs injuries.
The next question is what percentage of fault should be attributed to the various parties. In Johnson v. State Farm Mut. Ins. Co., supra, the court set forth a number of factors which are to be considered in apportioning fault. These include | ^whether the negligence was inadvertent or involved awareness of the danger, the severity of the risk, what was sought by the conduct, the capacities of the actors, and any other circumstances which might involve a party having to act in haste or in an emergency. In the present case, we deem West’s conduct to have been at least in part the result of an unforeseen accident, i.e. the breakdown on an interstate highway during rush hour traffic. These same factors, however, should have prompted him to take the utmost precautions in alerting other drivers to the situation. Cheramie clearly was inattentive in not seeing an obstruction which for ten minutes all other vehicles saw and avoided. He testified that when he saw the trailer it was too late to avoid it, but it is precisely his failure to see it sooner, as had numerous other drivers, which constituted his negligence. Considering all of the above factors we find that West and Cheramie were equally at fault, and we amend the judgment to so provide.
The final issue is whether Randy Douglas, plaintiff, was also partially at fault. Although there may have been some basis for determining that he was following Cheramie’s vehicle too closely, there was no testimony to indicate what a safe following distance might have been at *749 the speeds involved in the accident. We therefore conclude that there was no manifest error in the trier of fact’s determination that Douglas was free from fault.
For the foregoing reasons, we amend the judgment to cast West and Cheramie, and their respective insurers, equally at fault in causing plaintiff’s damages.
AMENDED, AND AS AMENDED, AFFIRMED.